## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.: 09-60620-CIV  COOKE/BANDSTRA

G & E FLORIDA CONTRACTORS, INC., *et al.*,

     *Plaintiffs*,

v.

JANET NAPOLITANO
Secretary of the Department of Homeland Security, *et al.*,

     *Defendants*.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CASE is before me on the Parties' cross motions for summary judgment [D.E. 21 and 24]. I have reviewed the arguments, the record, and the relevant legal authorities. The central issue in this case is whether the United States Customs and Immigration Service ("USCIS") has a duty to request a duplicate labor certification, in order to adjudicate a plaintiff's immigration petition, where the petitioner never asked USCIS to request a duplicate certification. I find that, under the facts of this case, USCIS did not have a duty to request a duplicate labor certification. For the reasons explained below, the Defendants' motion for summary judgment is granted, and the Plaintiffs' motion for summary judgment is denied.

### I.  BACKGROUND

In March 2003, the Plaintiffs filed a petition with USCIS for an immigrant visa to classify Hector Mauricio Acosta as a skilled alien worker eligible to seek adjustment of status to that of a permanent resident alien. (Pl.'s Statement of Undisputed Facts ¶ 4 [D.E. 23]; R. 002-008 [D.E.

16]).[1]  As a part of that petition, the Plaintiffs were required to file a "labor certification."[2]  8

C.F.R. § 204.5(a).  Although the Plaintiffs had previously obtained a labor certification, they

could not file the original labor certification, or even a complete copy of the certification, with

the petition because the original labor certification had been retained by the Plaintiffs former

attorney, Javier Lopera, who had been convicted, and sentenced to prison.  (Pl. Statement of

Undisputed Facts ¶¶ 1-10).

Upon receiving the Plaintiffs' immigration petitions, USCIS issued a "Notice of Intent to

Deny" dated July 20, 2004.  The "Notice of Intent to Deny" letter explained that since Javier

Lopera was involved in obtaining the labor certification, and since Mr. Lopera was subsequently

charged with conspiracy to commit immigration fraud, there was a presumption that the

Plaintiff's labor certification and other documents submitted in conjunction with the petition

were fraudulent.  (R. 070-73).  The "Notice of Intent to Deny" letter concluded by inviting the

Plaintiffs to submit a detailed list of documents and information, including the original labor

certification, which USCIS required in order to adjudicate the Plaintiffs' petition.

The Plaintiffs responded to USCIS's "Notice of Intent to Deny" letter by providing

---

[1]  Citations to "R." are to the certified administrative record [D.E. 16], filed by the
Defendants.  A district court's review of an agency's decision pursuant to the Administrative Act
is limited to the administrative record before the agency at the time of its decision.  *Preserve
Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*,  87 F.3d 1242, 1246
(11th Cir. 1996).

[2]  A "labor certification" is a certification by the Secretary of Labor that "there are not
sufficient workers who are able, willing, qualified . . . and available at the time of application for
a visa and admission to the United States and at the place where the alien is to perform such
skilled or unskilled labor, and the employment of such alien will not adversely affect the wages
and working conditions of workers in the United States similarly employed."  8 U.S.C. §
1182(a)(5)(A)(i).

numerous documents and information, and by explaining that Mr. Lopera only provided incomplete copies of the labor certification to the Plaintiffs, and that they did not have any copies of the rest of the labor certification forms.  (R. 075-303).

On September 17, 2004, USCIS issued its decision denying the Plaintiffs' immigration petition.  (R. 304-307).  USCIS set out in detail why the petition was being denied.  While noting that the circumstances of Plaintiffs' case were unfortunate, USCIS explained that it was unable to adjudicate the petition without the complete labor certification.  (R. 307).  In addition to the lack of the complete labor certification, USCIS referenced several other issues with the petition and supplemental materials, which led to the ultimate decision to deny the Plaintiffs' petition.  (R. 306-07).

The Plaintiffs' appeal to the Administrative Appeals Office was rejected for lack of jurisdiction and the Plaintiffs' petition was remanded to the underlying Service Center.  (R. 314, 318).  The Plaintiffs moved to reopen the petition, and on April 11, 2006, the reviewing Service Center granted the Plaintiffs thirty days to submit any additional evidence to be considered on appeal, specifically a valid labor certification.  (R. 318).  The Plaintiffs failed to submit any additional information, and on May 26, 2006, their petition was denied.  (R. 319).  The Plaintiffs were advised that this decision was not appealable, but that they could move to reopen or reconsider the matter, within thirty days of the decision.  (R. 319).  Eleven months later, the Plaintiffs appealed again to the Administrative Appeals Office.  (R. 321).  This appeal was also dismissed for jurisdictional and procedural defects.  (R. 351-53).

## II.  LEGAL STANDARDS

### A.  Motion for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its

burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). This standard is not affected by the filing of cross motions for summary judgment. *Arch Creek Yacht Sales, LLC v. Great Am. Ins. Co. of N.Y.*, 633 F. Supp. 2d 1351, 1353 (S.D. Fla. 2009). "When evaluating cross-motions for summary judgment, the Court analyzes each individual motion on its own merits and thus views the facts on each motion in the light most favorable to the respective nonmovant."  *Adega v. State Farm Fire & Cas. Ins. Co.*,  No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16,2009).

**B.  Administrative Procedure Act**

"Under the Administrative Procedure Act, a court shall set aside an action of an administrative agency where it is arbitrary, capricious, or an abuse of discretion." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996); 5 U.S.C. § 706(2)(A).  This "arbitrary and capricious standard of review" is "exceedingly deferential" to an administrative agency's decisions.  *Fund for Animals, Inc. v. Rice,* 85 F.3d 535, 541 -542 (11th Cir. 1996).  "Administrative decisions should be set aside in this context . . . only for substantial procedural or substantive reasons as mandated by statute, . . . not simply because the court is unhappy with the result reached." *Vt. Yankee Nuclear Power*

*Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 558 (1978) (citations omitted).  "[E]ven in the context of summary judgment, an agency action is entitled to great deference."  *Preserve Endangered Areas of Cobb's History, Inc.*, 87 F.3d at 1246.

### III.  ANALYSIS

The Plaintiffs admit that their immigration petition failed to include a complete copy of the labor certification, as was required by USCIS to adjudicate their petition.  (*See* Pl.'s Statement of Undisputed Facts ¶¶ 6-7 [D.E. 23]).  The Plaintiffs argue, since USCIS knew that they did not have a complete copy of the certification, because their former attorney had been arrested, USCIS had a duty to request a duplicate labor certification from the Department of Labor.  (Pl. Mot. for Summ. J. 7-8 [D.E. 22]).

Plaintiffs' position – that USCIS has a legal duty to request a duplicate labor certification – is premised on the fact that in 2004, petitioners were not able to directly request the Department of Labor to issue a duplicate labor certification.  *Compare* 20 C.F.R. § 656.30 (2004) ("Certifying Officers shall issue duplicate labor certifications only upon the written request of a Consular or Immigration Officer . . . An alien, employer, or an employer or alien's agent, therefore, may petition an Immigration or Consular Officer to request a duplicate from a Certifying Officer.") *with* 20 C.F.R. § 656.30 (2007) ("The Certifying Officer shall issue a duplicate labor certification to a Consular or Immigration Officer at the written request of an alien, employer, or an alien's or employer's attorney/agent.").

Plaintiffs also cite to USCIS's Adjudicator's Field Manual, which reads:

[Department of Labor] will only provide duplicate labor certifications at the written request by USCIS for labor certifications filed prior to March 28, 2005.  You should only make the request to DOL if it is in conjunction with an I-140 petition being filed

-6-

with USCIS where the original labor certification has been irretrievably lost or destroyed.  The duplicate labor certification must be retained as part of the record of the Form I-140 petition after it is received from DOL, and should not be forwarded to the petitioner or the petitioner's representative. (For example, you would <u>not</u> make such a request to the DOL if the petitioner's attorney requested a duplicate labor certification in general correspondence to USCIS, merely because he or she wants a copy for her or her records.)  Also, you should be alert to the possibility that the original was not, in fact, lost or destroyed, but rather used on behalf of another alien. If another alien has been substituted on a labor certification that the petitioner claims has been lost or denied, the request for a duplicate labor certification should be denied.

(Pl. Mot. for Summ. J., Ex. 5 [D.E. 22]).

The Plaintiffs' contention is that once USCIS was aware that the Plaintiffs did not have a complete labor certification, the Adjudicator's Field Manual *required* USCIS to request a duplicate labor certification from the Department of Labor.  (Pl. Mot. for Summ. J. 7-9 [D.E. 22]).  I do not read the Adjudicator's Field Manual to contain such a duty.  As a threshold matter, the Manual does not unambiguously require USCIS to make this type of request to the Department of Labor.  Moreover, the Manuel contemplates receiving a request from the petitioner or the petitioner's attorney, which would prompt USCIS to contact the Department of Labor.  I find that USCIS was under no legal duty to request a duplicate labor certification from the Department of Labor in order to adjudicate the Plaintiffs' immigration petition, where the Plaintiffs never asked USCIS to make such a request.

In spite of the fact that USCIS gave the Plaintiffs multiple extensions of time to submit additional evidence in support of their petitions, the Plaintiffs never asked USCIS to request a duplicate labor certification from the Department of Labor.  USCIS's denial of the Plaintiffs' petition because it lacked a complete labor certification was not arbitrary, capricious, or an abuse of discretion.  Furthermore, USCIS was under no legal duty to request a duplicate certification,

where the Plaintiffs never asked to USCIS make such a request.

In addition to the lack of a complete labor certification, USCIS also denied the petition because it failed to adequately establish that Mr. Acosta had the requisite experience to qualify for the immigrant visa. (R. 306). This too was not arbitrary, capricious, or an abuse of discretion. The Plaintiffs argue, the lack of information regarding Mr. Acosta's experience was due to the missing complete labor certification. (Pl. Resp. to Def. Mot. for Summ. J. 7 [D.E. 25]). This argument, however, is also premised on the Plaintiffs incorrect assertion that USCIS was under a legal duty to obtain the complete labor certification. Since USCIS was not obligated to request a duplicate labor certification from the Department of Labor, given that the Plaintiffs never asked USCIS to do so, it was reasonable for USCIS to deny the Plaintiffs petition for failing to establish that Mr. Acosta was sufficiently qualified. *See* 8 U.S.C. § 1361 ("Whenever any person . . . makes application for admission . . . the burden of proof shall be upon such person to establish that he is eligible . . . .").

### IV. CONCLUSION

Under the circumstances of this case, I cannot say that USCIS's denial of the Plaintiffs' immigration petition was arbitrary, capricious, or an abuse of discretion. USCIS provided several detailed explanations for its denials of the Plaintiffs' petition. USCIS also allowed the Plaintiffs multiple opportunities to provide additional materials. Ultimately, the Plaintiffs failed to submit sufficient supplemental documents, and never asked USCIS to request a duplicate of the labor certification from the Department of Labor. Given these facts, I find that USCIS was not under a duty to proactively request a duplicate certification, and further that USCIS's reasons for denying the immigration petition were rational. It is therefore, **ORDERED and**

**ADJUDGED** that:

1. The Plaintiffs' Motion for Summary Judgment [D.E. 21] is **DENIED**.

2. The Defendants' Motion for Summary Judgment [D.E. 24] is **GRANTED**.

3. The Clerk is directed to **CLOSE** this case.  All pending motions are **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, on this 10th day of March 2010.


_____
MARCIA G. COOKE
United States District Judge






Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*All counsel of record*